IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | ) | CRIMINAL NO. 3:13-133-CMC |
|---|---|---|
| v. | ) | **OPINION and ORDER** |
| Brett Davis Parker, Jack Winfred Parker, Douglas E. Taylor, Jr. | ) | |
| Defendants. | ) | |

This matter is before the court on the Government's motion to seal. ECF No. 145. Defendants filed a joint response in opposition, ECF No. 147, and this matter is ripe for resolution.

The Government seeks to seal certain proposed attachments to its response to Defendants' Motion for a New Trial, due October 8, 2013. The Government indicates, without further explanation, that it seeks to seal these attachments "to protect the integrity of privileged agency communications and to ensure that the related civil litigation is not impacted by disclosure of these documents." Mot. at 1.[1] Defendants argue in opposition that the Government has failed to provide support for its position and has failed to assert "facts to support any claimed privilege." Dfts' Joint Response at 2 (ECF No. 147).

"When the First Amendment provides a right of access, a district court may restrict access [to judicial records] only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567,

---

[1] The Government has disclosed the documents to counsel for Defendants.

1

575 (4th Cir. 2004) (quotation and citation omitted).[2] The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position. *See Press–Enterprise Co. v. Superior Court*, 478 U.S.1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion").

Additionally, in order to grant a motion to seal a document, a district court is required to: (1) provide public notice of its intent and an opportunity for objection; (2) consider less drastic alternatives; and (3) provide specific reasons and factual findings for rejecting the alternatives and granting the motion to seal. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

The Government's motion to seal provides public notice of the issue and an opportunity for objection. All Defendants have objected to the Government's motion. No other objections have been received.

While a compelling governmental interest might exist in protecting privileged agency communications, the general assertion of "protect[ion] of privileged agency communications" is insufficient to meet the Government's heightened burden in this case. *See Va. Dep't of State Police*, 386 F.3d at 573 (quoting district court's findings that "[g]eneral concerns stated in a conclusory fashion are not sufficient to constitute a compelling government interest, and do not grant the [c]ourt a sufficient basis [to] deny public access to documents filed in this action."). Additionally, the

---

[2]Defendants argue in their brief that a "common law right" of access to court records exists. However, the court finds this matter is controlled by the First Amendment. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178 (4th Cir. 1988) (court should determine at outset under which source of access right exists); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 253, 253 (4th Cir. 1988) (same). "The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." *In re Application of U.S. for Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 290 (4th Cir. 2013) (quotations and citation omitted).

2

proffered reason of "ensuring that the related civil litigation[3] is not impacted" fails to establish a sufficient basis to grant the motion to seal attachments in this criminal case. *See id.* at 579 (holding that "it is not enough simply to assert this general principal [the integrity of an ongoing investigation] without providing specific underlying reasons for the district court to understand how the integrity of the investigation reasonably could be affected by the release of such information.").

Even if examined under the less demanding common law right of access, the Government's conclusory basis for sealing fails to overcome the presumption of right of access. Accordingly, having failed to show either a compelling interest in sealing certain proposed attachments to its response to Defendants' new trial motion or to overcome the common law presumption, the Government's motion to seal is **denied**.

**IT IS SO ORDERED**.

                                               s/ Cameron McGowan Currie
                                               CAMERON MCGOWAN CURRIE
                                               SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 7, 2013

---

[3]*United States Securities and Exchange Commission v. Staples*, D.S.C. Civil Action No. 3:13-2575-MBS.

3